UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROGER PENMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:19-cv-00545-NT |
| | ) | |
| JEFFREY MORIN, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER ON MOTION FOR DISCOVERY AND RECOMMENDED DECISION ON MOTION FOR DEFAULT JUDGMENT AND 28 U.S.C. § 2254 PETITION**

Petitioner seeks relief from a state conviction pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) Petitioner also requests discovery (Motion for Discovery, ECF No. 8) and moves for default judgment. (Motion for Default Judgment, ECF No. 10.) Respondent (the State) contends the petition was not filed timely in accordance with 28 U.S.C. § 2244(d) and thus asks the Court to dismiss the petition. (Answer, ECF No. 3.)

After a review of the section 2254 petition, the State's request for dismissal, and the record, I deny Petitioner's motion for discovery. In addition, I recommend the Court deny Petitioner's motion for default judgment and grant the State's request to dismiss the petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In May 2016, Petitioner was indicted on one count of aggravated assault in violation of 17-A M.R.S. § 208(1)(B), one count of criminal threatening with a dangerous weapon in violation of 17-A M.R.S. § 209(1), one count of criminal mischief in violation of 17-A M.R.S. § 806(1)(A), one count of illegal possession of a firearm in violation of 17-A

M.R.S. § 393(1)(A-1), and one count of reckless conduct with a dangerous weapon in violation of 17-A M.R.S. § 211(1). (State Record at 8–9, ECF No. 3-1.) On April 6, 2017, Petitioner changed his plea to nolo contendere, and the state court entered a finding of guilty. (*Id.* at 4–5.) The state dropped the four remaining charges, (*id.*), and the state court sentenced Petitioner to twenty-two years in prison with all but six years suspended. (*Id.* at 4, 10.)

Petitioner did not file an appeal and did not file a postconviction petition in state court. In August 2018, Petitioner filed a Rule 35 motion to correct his sentence based on an enhancement that was applied at sentencing. (*Id.* at 7, 13 – 14.) The state court denied the motion as improper under Rule 35. (*Id.* at 7, 14.)

On November 29, 2019, Petitioner filed a habeas petition with this Court asserting that the state court lacked jurisdiction over him because he is allegedly an agent of the United States and United Kingdom conducting counterintelligence activities, which he contends immunizes him from state prosecution. (Petition at 6.)

## DISCUSSION

### A. Statute of Limitations

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Title 28 U.S.C. § 2244(d), which governs the time within which a petitioner must assert a claim under section 2254, provides:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from such filing by such State action;
>>
>> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Petitioner has not established a state government impediment to filing, *id.* § 2244(d)(1)(B), a newly recognized retroactively applicable right, *id.* § 2244(d)(1)(C), or a new factual predicate, *id.* § 2244(d)(1)(D), Petitioner's one-year limitation period for filing the section 2254 petition started when the judgment became final. *See id.* § 2244(d)(1)(A). A conviction is final when the "availability of direct appeal to the state courts and to [the United States Supreme Court] has been exhausted." *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations and quotation marks omitted). After the judgment on April 6, 2017, Petitioner had twenty-one days to file a notice of appeal to the

3

Maine Law Court. *See* M.R. App. P. 2B(b)(1)(b). The deadline for Petitioner to file a direct appeal was thus April 27, 2017. Because Petitioner did not file an appeal, Petitioner's judgment became final on April 28, 2017.

The limitations period for a section 2254 claim is tolled while a properly filed state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). "[A]n application for state post-conviction relief is pending from the time it is first filed until the time it is finally disposed of and further appellate review is unavailable under the particular state's procedures." *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) (alterations and quotation marks omitted). The time during which an application is pending includes "the interval between a lower court's entry of judgment and the filing of an appeal with a higher state court." *Id.* at 20. The limitation period "restarts when [the] state court completes postconviction review." *Holland v. Florida*, 560 U.S. 631, 638 (2010). "[T]he filing of a petition for certiorari [seeking review of a state postconviction proceeding] before [the United States Supreme Court] does not toll the statute of limitations under § 2244(d)(2)." *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

Because Petitioner did not file a state postconviction petition, the limitation period under 28 U.S.C. § 2244(d)(1)(A) began to run on April 28, 2017 and expired 365 days later on April 28, 2018, more than eighteen months before Petitioner filed his § 2254 petition with this Court.[1]

---

[1] Even if Petitioner's Rule 35 motion were construed as a state postconviction petition or other collateral review proceeding, Petitioner's section 2254 motion would nevertheless be time barred. The Rule 35 motion was only pending for one week before the state court denied relief. (State Record at 14.) The limitations period would only have been tolled for one week.

4

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645 (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).

Petitioner's only assertion that could potentially support an equitable tolling argument is the allegation that Petitioner did not wish to disclose his protected status for national security reasons. Petitioner claims to have documentary evidence to support his assertions, but he has not submitted any such documents. Petitioner's bald allegations are insufficient to support an equitable tolling finding. Accordingly, equitable tolling does not apply.

Because Petitioner argues that his claim implicates the state court's jurisdiction to prosecute him, he can assert the claim at any time. Petitioner incorrectly conflates separate jurisdictional concepts. A federal court must inquire into its own subject matter jurisdiction and a defect can be raised at any stage of the federal proceeding, *see McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3), but a federal court's review of a state court's jurisdiction to impose a criminal punishment is only permissible if it is called for on habeas review, which is subject to statutory limits which contain no exception for

5

state court jurisdictional defects. *See Blackshear v. McDonough*, No. 8:07-CV-1831-T-27MAP, 2008 WL 2312677, at *3 (M.D. Fla. June 4, 2008).

In other words, a jurisdictional defect could perhaps call for habeas relief if it offends a federal constitutional right like due process, *see McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005) (noting that the limits on judicial exercises of personal jurisdiction are waivable personal rights rooted in the due process clause), but there is nothing in the statute or the caselaw that instructs federal courts to treat those specific types of due process claims differently than any other asserted violations of constitutional rights, which are all subject to the statute of limitations. *See Futral v. Crow*, No. 2:16CV967-WHA, 2019 WL 510525, at *3 (M.D. Ala. Jan. 18, 2019) ("There is no exception to the AEDPA limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court"); *Lee-Bey v. Perry*, No. 3:16CV195-FDW, 2016 WL 7007541, at *3 (W.D.N.C. Nov. 29, 2016) (the federal courts have rejected the argument that "the one-year statute of limitation does not apply [to] challenges to a court's personal jurisdiction"); *Hornsby v. Booker*, No. 2:06-CV-12608, 2007 WL 1499839, at *1 (E.D. Mich. May 22, 2007) ("a prisoner filing a habeas corpus petition is not exempt from the statute of limitations simply because the prisoner raises a claim that the state court lacked jurisdiction"); *see also*, *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) ("Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period. To the contrary, § 2255(f) explicitly states that the limitations period 'shall apply' to all motions made under § 2255").

Because the petition was filed after the expiration of the limitations period, because equitable tolling does not apply, and because Petitioner has not established any other exception to the statute of limitations, the petition is time barred. Accordingly, dismissal of the petition is warranted.

**B.     Motion for Discovery**

Petitioner also seeks wide-ranging discovery from certain government officials. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Federal district courts have discretion to grant discovery for "good cause" under Rule 6 of the Rules Governing § 2254 Cases, but "[a] habeas proceeding is not a fishing expedition." *Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007). Petitioner has failed to establish good cause for discovery, especially given the fact that he did not exhaust state remedies. Even if he could establish good cause, his request for discovery is moot because his petition is time barred.

**C.     Motion for Default Judgment**

Petitioner requests a default judgment because he does not believe the State's response to his jurisdictional-immunity claim was adequate. The State answered the petition by asserting defenses based on the failure to exhaust state remedies[2] and the statute of limitations. Contrary to Petitioner's argument, the State's response was adequate and Petitioner's motion for default judgment is without merit.

---

[2] The Court need not address the exhaustion issue because even if the Court dismissed the petition without prejudice so that Petitioner could exhaust state remedies, the statute of limitations would still present a bar to federal habeas relief.

7

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I deny the motion for discovery, recommend the Court deny the motion for a default judgment, recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and recommend the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within forty-four (44) days of being served with a copy thereof.[3]

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of April, 2020.

---

[3] Federal Rule of Civil Procedure 72(b)(2) provides for a 14-day objection period. The Court, however, recently extended by 30 days any deadline between the date of the order (March 18, 2020) and May 1, 2020. (General Order 2020-2.)